As stated by the Second Appellate District, R.C. 1343.03(C) has two purposes: (1) to relieve the courts of the burden of litigating cases that should be settled, and (2) to deny a recalcitrant litigant the benefits he has realized in retaining funds long after he knows he must ultimately pay them over, and to give his adversary compensation in the form of interest he should have realized on the funds had they been paid out when the obligation was clear. Zinn v. Leach (Nov. 29, 1990), 1990 Ohio App. LEXIS 5199, unreported, at *31.
Liability was uncontested in this case. It was also uncontested that, as a result of appellee's negligence, appellant underwent five broken noses, four nasal reconstructions, two cartilage graphs, sustained extensive damage to her teeth and mouth, and suffered permanent scarring. As of the date appellant filed her complaint, appellee was aware that there was a total of approximately $18,000 in medical expenses. Despite this knowledge, appellee refused to make a settlement offer until the eve of trial.
Although five years transpired between the accident and appellant filing her claim, it is conceded that appellant filed her claim well within the statute of limitations. However, because of the passage of time, retrieval of medical records proved to be a difficult process. At the November 9, 1998 hearing, counsel for appellant stated that she made numerous efforts to obtain copies of all of the records but came up "empty," because many of the care providers had purged their records. At the same hearing, counsel for appellee indicated that appellant had failed to fulfill her good faith obligation because she failed to produce copies of all medical records. However, at the hearing, there was evidence that appellee had a reserve of $80,000 placed on this claim.
The Eleventh Appellate District addressed a similar situation in Luzar v. Reamansnyder (Mar. 9, 1990), 1990 Ohio App. LEXIS 836, unreported, where the court stated, "[T]he record before this court does not contain any indication that [plaintiff] purposely withheld the bills or that the amount and general nature of the bills and injuries were unknown to appellant." Id. at *8. Like the plaintiff in Luzar, the record shows that appellant "made a good faith effort to disclose relevant information and initiate the settlement negotiations." Id. On the other hand, even though appellee was aware of the general nature of appellant's bills and injuries, appellee refused to make any offer of settlement until the eve of trial.
In Zinn, 1990 Ohio App. LEXIS 5199, the defendants ignored four separate demands for settlement. Finally, five days before trial, the defendants extended an offer. The court in Zinn stated as follows:
 [Defendants] finally made an offer to settle the claim * * * only five days before trial. Yet, the information then before them concerning their risks and liability had been available to them or in their hands for months or years. The record reflects no reason to support that delay. Rather, it compels a conclusion that [defendants] wished to retain their capital for as long as possible while causing [plaintiff] to incur more expenses and greater inconvenience.
Under the fourth prong of Kalain v. Smith (1986), 25 Ohio St.3d 157, when liability is uncontested, a party fails to make a good faith effort to settle if that party does not respond in good faith to an offer from the other party. Id. at 159. The court stated in Zinn, "The record is clear that [defendants] purposely delayed the proceedings * * * to protect them from their settlement obligation. Their last-minute offer to settle that case on information known to them for months or years lacked good faith."Zinn at *32. See, also, Fiorini v. Whiston (1993), 92 Ohio App.3d 419
(affirming trial court's finding of a lack of good faith where liability was undisputed and a settlement offer was extended on the eve of trial).
Good faith would have required appellee to evaluate the claim based upon the evidence at hand. From the date she filed her claim, appellant provided ample evidence for an evaluation. It is interesting to note that the medical bills presented at trial were the same medical bills that had been provided by appellant for evaluation and settlement. Like the defendants in Zinn, appellee failed to make a good faith effort to settle this case.
Unlike the majority, I would find that the trial court abused its discretion in denying appellant's motion for prejudgment interest. Therefore, I must respectfully dissent.